[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties in this limited dissolution matter, were represented by counsel at the hearing, and both parties testified as to the issues involved. The Court has considered the criteria of Section 46b-81 and 46b-82 in its decision.
The parties were married on August 30, 1986 in Vernon, Connecticut. They have resided continuously within Connecticut from the date of their marriage. They have CT Page 4800 stipulated that the marriage has broken down irretrievably and, from the evidence, it clearly has, with no expectation of reconciliation. Accordingly, the marriage is ordered dissolved because of irretrievable breakdown.
One minor child was born to the plaintiff issue of he marriage, namely: Bridget Elizabeth Murzyn, date of birth May 20, 1987. No governmental agency is contributing to the support of the child or the parties.
This marriage was the first one for the plaintiff and it was the defendant's second.
The parties entered into an antenuptial agreement on February 12, 1986, more than six (6) months before the wedding. The husband felt that he "had a lot to lose," and having experienced a prior broken marriage advised the plaintiff that they would have to enter into such an agreement before he would agree to marry the plaintiff. (The subject of marriage was raised by the plaintiff after they had been seeing each other for over two years.)
The parties did not have or consult with counsel about the agreement, but used a form obtained from a public library as the basis of the agreement. The husband dictated the assets to the wife and she thereafter typed up the agreement at her place of work. It was signed, and the signatures notarized, on February 12, 1986. The plaintiff wife now claims that the Antenuptial Agreement is void and unenforceable, while the defendant argues it is a valid contract.
Antenuptial agreements are enforceable if three (3) conditions are satisfied: (McHugh v. McHugh, 181 Conn. 482
(1980)).
1. The agreement was validly entered into;
 2. Its terms do not violate statute or public policy;
 3. The circumstances of the parties at the time of dissolution are so beyond the contemplation of the parties at the time the contract was entered into, as to cause its enforcement to work an injustice.
The Court finds the conditions precedent to the enforceability of this Agreement have, in fact, been satisfied. CT Page 4801
The defendant made a disclosure of substantially all of his assets at the time of the contract. (Plaintiff's Exhibit 1). The wife knew he owned his home. He listed his bank accounts up to the most recent posting and detailed the number of shares of stocks he owned in each company. There was no attempt to secrete assets from the plaintiff. The husband even told her she could show the agreement to whomever she wished. The plaintiff stated she was unconcerned about the value of the assets and would have signed the agreement regardless of what the defendant's assets were. She worked at CBT for a number of years as a student loan collector and a teller, and as indicated earlier, she had more than six (6) months to examine or question the agreement. She was satisfied with it and did not do so.
Nor is there a public policy violation as claimed by the plaintiff. It basically provides for a separation of the assets of each. In fact, as a public policy statement, antenuptial agreements are not disfavored, Boren v. Boren,475 N.E.2d 690 (1985), McHugh, supra. It cannot be violative of public policy for each spouse to protect his or her own assets.
Nor are the present circumstances so far beyond the contemplation of the parties that the enforcement of the contract works an injustice. The parties came into the marriage with highly disparate as sets. The defendant had significant investments in 1986. Those assets have accumulated interest and he has added some funds to his savings, but not to the degree that the Court could find that was not contemplated so as to work an injustice. There has also been a modest growth in his stock portfolio, but again that surely should be reasonably be contemplated.
The parties had a child, but that was expected and while Mrs. Murzyn was, at the time of the trial, laid off, she is trained, skilled and in good health. In short she is employable.
In addition the Court does note that in May, 1989 the parties reaffirmed the validity of the Antenuptial Agreement (See Defendant's Exhibit A).
The following orders may enter:
1. The defendant shall pay the sum of $13,324.00 in accordance with the terms of the agreement for five (5) years and three (3) months of marriage. CT Page 4802
2. Custody of the minor child to the plaintiff wife, subject to reasonable visitation in the defendant husband which shall include,
a. Every other weekend commencing Saturday at 6:00 P.M. to Sunday at 7:00 P.M., except Mother's Day.
b. Alternating legal holidays from 10:00 A.M. to 6:00 P.M. commencing New Years Day 1991.
c. The defendant shall not consume alcohol from a period of two hours before exercising visitation to the end of such visitation.
d. Until March 1, 1991, overnight visits shall be supervised by the defendant's mother or other adult female relative.
e. Two weeks during each calendar year, (not necessarily consecutive) as agreed to by the parties and with reasonable notice to the plaintiff.
f. The plaintiff is to notify the defendant at least sixty (60) days before moving outside the State of Connecticut.
g. The defendant shall pay child support in the amount of $145.00 per week.
3. The defendant shall provide Blue Cross and CMS or their equivalent for the minor child, subject to Sec. 46b-84c of the General Statutes. Both parties shall be equally responsible for uninsured medical/dental expenses of the child.
4. The parties shall alternate taking the child as a federal income deduction, with the defendant beginning with the year 1990.
5. Alimony is not awarded to either party.
6. In view of the plaintiff's limited liquid assets and the defendant's disparate ability to pay counsel fees the defendant shall pay $2,087.50 in counsel fees to plaintiff's attorney, within thirty (30) days.
Klaczak, J. CT Page 4803